# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1296

SAMUEL ARRIBASPLATA-MARIN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review from the Board of Immigration Appeals
Immigration Judge Nicole Lane, No. A243-011-366

Before: KRAUSE, MASCOTT, and FISHER , *Circuit Judges*
Submitted Mar. 13, 2026;

Decided Aug. 5, 2026

_____

NONPRECEDENTIAL OPINION[*]

KRAUSE, *Circuit Judge*.   Petitioner Samuel Arribasplata-Marin seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen his immigration proceedings, where he sought asylum, withholding of removal, and relief under the Convention Against Torture.  Because Arribasplata never submitted a timely petition for review of his final order of removal, we cannot review the merits of that order.  And because Arribasplata did not overcome the Immigration Judge's (IJ) adverse credibility finding or allege an independent claim of changed country conditions, he did not meet the standard for a motion to reopen.  Accordingly, we will DENY the petition for review.

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

# I. DISCUSSION[1]

### A. Arribasplata Failed to File a Timely Petition for Review of His Removal Order.

Arribasplata first challenges the merits of his removal order. But this challenge fails for a simple reason: After the BIA affirmed, Arribasplata opted not to file a petition for review and took no further action to challenge the validity of his order of removal. *See* 8 U.S.C. § 1252(b)(1) (setting a 30-day deadline to file a petition for review of a final order of removal). Instead, three months later, he filed a motion to reopen before the BIA, which the BIA denied. Only then did Arribasplata petition us for review. So, while Arribasplata argues that the IJ and BIA erred in denying him relief from removal, he cannot bootstrap review of *that* decision into his petition for review of the denial of his motion to reopen. *See Siong v. Immigr. & Naturalization Serv.*, 376 F.3d 1030, 1042 (9th Cir. 2004) ("[B]ecause we are reviewing only the denial of [the petitioner's] motion to reopen, we cannot review the merits of [his] claim."). As such, we consider no further Arribasplata's challenge to the merits of the IJ's denial of relief, and the BIA's affirmance of that denial, and proceed to the motion to reopen.

### B. The BIA's Denial of the Motion to Reopen Was Not an Abuse of Discretion.

Arribasplata's challenge to the BIA's denial of his motion to reopen also fails. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). This is a "highly deferential" standard,

---

[1] We have jurisdiction to review a final order of removal and the denial of a motion to reopen under 8 U.S.C. § 1252(a)(1). *See Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir. 2006).

*Alzaarir v. Att'y Gen. of U.S.*, 639 F.3d 86, 89 (3d Cir. 2011), and we may only say that the BIA abused its discretion if a decision was "arbitrary, irrational, or contrary to law," *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (citation modified). When a petitioner moves to reopen after the IJ and BIA previously denied a claim due to a lack of credibility, he "must present previously unavailable evidence that is independent of the prior claim or [which] refutes the validity and finality of the credibility determination in the prior proceeding." *Matter of F-S-N-*, 28 I & N. Dec. 1, 3 n.3 (B.I.A. 2020). Here, Arribasplata fails to meet the high bar of showing that the BIA abused its discretion.

The BIA properly denied Arribasplata's motion to reopen. When a petitioner seeks to reopen based on "new" evidence, the motion "shall not be granted unless it appears to the Board that [the] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Here, Arribasplata did "not argue that his ex-wife's affidavit was unavailable at the time of his hearing." A.R. 3-4. Regardless, the BIA addressed the merits of the affidavit, reasonably determining that the "affidavit, which was created after an administratively final adverse credibility finding against [Arribasplata]" did not undermine the rationale for that credibility determination, as it did "not explain why [Arribasplata's] testimony was inconsistent with his application and statement, or why [his] testimony was evasive and unresponsive." A.R. 4. Thus, the BIA did not abuse its discretion when it determined that the affidavit was insufficient to rehabilitate Arribasplata's credibility.

Nor did the BIA abuse its discretion in denying Arribasplata's motion to reopen based on changed circumstances in the country of removal. The evidence of changed country

conditions that Arribasplata invoked constituted "the same source of harm that formed the basis for his non-credible persecution claim," A.R. 3-4—i.e., his fear that he would be persecuted and tortured by the Tupac Amaru Revolution Movement—rather than an independent claim, *see F-S-N-*, 28 I & N. at 3. As a result, Arribasplata needed to first rebut the previous adverse credibility finding before he could introduce this evidence. *See id.* (noting that a petitioner "must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible"). Because Arribasplata failed to rehabilitate his credibility and failed to show an independent claim of changed country conditions, the BIA did not abuse its discretion in denying Arribasplata's motion to reopen.

## II. CONCLUSION

For the foregoing reasons, we will DENY Arribasplata's petition for review.